**IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

**JASON ROBERT KIEHN** §

**VS.** § **CIVIL ACTION NO. 5:12cv129**

**COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION** §

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the magistrate judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff filed objections to the Report and Recommendation. Defendant filed a response to the objections. The Court conducted a *de novo* review of the magistrate judge's findings and conclusions.

Plaintiff objects to the magistrate judge's recommendation that Plaintiff's above-entitled and numbered social security cause of action be affirmed. First, Plaintiff addresses the opinions of state agency examining personnel, Drs. Cox and Ferguson, asserting the problem with relying on these opinions is Plaintiff is bipolar and experiences repeated episodes of decompensation. According to Plaintiff, he experiences manic periods and becomes very optimistic; however, he then cycles and becomes paranoid, depressed, and suicidal. Plaintiff further asserts he suffers from severe mood swings, rage attacks, severe behavioral difficulties, and oppositional defiant disorder with rage. Second, Plaintiff references the opinion of Barry Bullard, Ph.D., a clinical psychologist, who treated Plaintiff during the relevant period and completed a mental impairment evaluation form on December 21, 2011 (Tr. 260-79, 280-88). According to Plaintiff, Dr. Bullard's records show Plaintiff

consistently has trouble with focus and concentration. Plaintiff states he is able to get a job; however, he cannot keep a job because he cannot follow instructions, and he is consistently paranoid about his co-workers and employers. Finally, Plaintiff asserts a vocational expert should have been present at the hearing to address Plaintiff's mental impairments and properly assess Plaintiff's residual functional capacity.

Plaintiff asserts treating physician Dr. Bullard's opinions conflict with the opinions of the state agency medical experts. The magistrate judge determined "the ALJ properly discounted Dr. Bullard's opinion because it was not supported by or consistent with the objective medical evidence, including Dr. Bullard's treatment notes during the relevant period." Report and Recommendation at pg. 31. An ALJ should generally give considerable weight to the opinion of a treating physician who is familiar with a claimant's medical condition. *Perez v. Barnhart*, 415 F.3d 457, 465-66 (5th Cir. 2005). An ALJ may give a treating physician's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) (internal quotation marks omitted). However, simply identifying a treating physician as the source of a medical opinion will not automatically entitle that opinion to considerable or controlling weight because the ALJ is free to assign little or no weight to the opinion of any physician for good cause. *Id.* at 455-56. Good cause for assigning little to no weight to such an opinion arises where statements are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence. *Perez*, 415 F.3d at 466; *Newton*, 209 F.3d at 456. A treating physician's opinion is not conclusive, *Perez*, 415 F.3d at 466, and an ALJ may reject it when the evidence supports a contrary conclusion. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir.

1995).

In her May 28, 2014 Report and Recommendation, the magistrate judge discussed all of the relevant medical evidence, including the evidence from Dr. Bullard. As the magistrate judge summarized, the evidence shows Plaintiff's mental impairments were stable; he had successfully worked during the relevant period; and Dr. Bullard did not suggest that Plaintiff would be unable to work an 8-hour workday on a regular basis. *See* Report and Recommendation at pgs. 31-32. The Court finds the magistrate judge properly determined the ALJ had good cause to discount Dr. Bullard's opinion and to credit the state agency medical experts' opinions.

Regarding Plaintiff's assertion that the ALJ should have had a vocational expert testify at the administrative hearing, the Court notes that when a claimant has non-exertional limitations that make the Medical-Vocational Guidelines ("Grids") inapplicable, the Commissioner must rely upon the services of a vocational expert or similar evidence. *Carey v. Apfel,* 230 F.3d 131, 145 (5th Cir. 2000). However, when a claimant's non-exertional impairments do not significantly affect his residual functional capacity, the ALJ may rely exclusively on the Grids in determining whether there is other work available that the claimant can perform. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). The mere presence of a non-exertional impairment, as in this case, does not preclude use of the Grids. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

A claimant's inability to meet any of several basic mental work-related activities will substantially erode the unskilled occupational base. Social Security Ruling (SSR) 96-9p, 1996 WL 374185, at *9. Conversely, when a claimant has the ability to perform all of the basic mental work-related activities, the unskilled occupational base is not eroded. *Id.* The mental activities generally required for competitive, remunerative, unskilled work are:

     1. Understanding, remembering, and carrying out simple instructions;

     2. Making judgments that are commensurate with the functions of unskilled work, *i.e.*, simple work-related decisions;

     3. Responding appropriately to supervision, co-workers and usual work situations; and

     4. Dealing with changes in a routine work setting.

*Id.* Thus, if a claimant has the ability to perform the above basic mental work-related activities, claimant's non-exertional impairment does not erode the unskilled occupational base, and it is appropriate for an ALJ to use the Grids as a framework in determining whether the claimant is disabled. *See Selders*, 914 F.2d at 618 *and* SSR 96-9p, 1996 WL 374185.

Here, the ALJ determined that Plaintiff retained the ability to perform all of the basic mental work activities despite his mental impairments (Tr. 26). Plaintiff demonstrated his ability to perform all of these basic mental work activities by holding a job at Crossmark for 18 months, leaving voluntarily, and immediately beginning a job at Bed Bath & Beyond (Tr. 260, 320-21). Because the ALJ properly discounted Dr. Bullard's opinion and properly found that Plaintiff retained the ability to perform all of the basic mental work activities, the ALJ properly relied on the Grids to determine that Plaintiff was not disabled (Tr. 26). *See* Report and Recommendation at pgs. 33-35.

After reviewing the transcript, the briefs of the parties, and the Report and Recommendation, the Court finds Plaintiff's objections are without merit. The Court agrees with the magistrate judge that the ALJ correctly applied the applicable legal standards and that substantial evidence supports the ALJ's determination that Plaintiff is not disabled. The Court is of the opinion that the findings and conclusions of the magistrate judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly,

it is hereby

**ORDERED** that the above-entitled Social Security action is **AFFIRMED**.

**It is SO ORDERED.**

**SIGNED this 1st day of July, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE